UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

PATRICIA COATS,
A resident and citizen of South Carolina,

     Plaintiff,

v.

CELEBRITY CRUISE LINES, a
foreign Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATRICIA COATS, a resident and citizen of South Carolina, sues Defendant CELEBRITY CRUISE LINES, a  foreign Corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.    Plaintiff  PATRICIA COATS  is sui juris and is a resident and citizen of the State of South Carolina.

3.    The Defendant CELEBRITY CRUISE LINES. (CELEBRITY) is a foreign corporation with its principal place of business in Miami, Miami-Dade County, Florida. CELEBRITY accordingly is a citizen of Florida for purposes of federal diversity jurisdiction under 28 U.S.C. §1332.

Coats v. Celebrity

4.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §1332, based on diversity of citizenship between the parties.  The Plaintiff is a citizen and resident of South Carolina, the Defendant is a citizen of Florida for jurisdictional purposes, and the claim is for an amount exceeding the minimum jurisdictional amount of $75,000.00.  The damages alleged in Paragraph 13 support an award of damages in excess of $75,000.00.

5.      At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6.      At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7.      In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8.      Venue is also proper in this district because the Defendant's principal places of business are located within this district.

9.      Plaintiff has complied with all conditions precedent to bringing this action.  The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship.  Furthermore, the Plaintiff gave the Defendant timely written notice of the claim as required by the ticket contract on which was acknowledged in writing by the Defendant.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Coats v. Celebrity

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

10.     At all material times, the Defendant CELEBRITY was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "THE EDGE ."

11.     At all material times, including the accident date of September 1, 2019, the Plaintiff was a fare paying passenger aboard the THE EDGE and in that capacity was lawfully present aboard the vessel.

12.     On September1, 2019, the Plaintiff was in the Cosmpolitan Restaurant located on Deck 4 of the Defendant's vessel.  While Plaintiff was seated a crew member carrying a full pot of scolding hot coffee on a serving tray while attempting to serve the coffee to the Plaintiff dropped the pot and thereby spilled the coffee on the the Plaintiff, causing serious burn injuries to Plaintiff's arm, torso, shoulders, and hip.

13.     As a direct and proximate result of the burn injuries as described above, the Plaintiff was injured in and about her body and extremities, suffered pain and suffering in the past and future, lost the enjoyment and pleasure of her cruise ship vacation, and suffered mental anguish, scarring, a loss of skin pigmentation, disfigurement, aggravation or activation of preexisting injuries, and the inability to lead a normal life, Furthermore, Plaintiff incurred medical, bills and expenses, hospital, and other out of pocket and health care expenses for care and treatment of her injruies. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Coats v. Celebrity

## COUNT I –NEGLIGENCE

14.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-13 above.

15.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care while serving or attempting to serve passengers beverages, including the hot coffee being served to the Plaintiff.

16.     At all material times the Cosmopolitan Restaurant was in a high traffic area since it it is a common area where cruise ship passengers are expected to dine and where passengers are foreseeably served hot beverages such as coffee.

17.     At all material times the Defendant knew or should have known of the need to exercise reasonable care while serving hot coffee to passengers in the Cosmopolitan Restaurant, including the Plaintiff, and either knew or in the exercise of reasonable care should have known of the risks to passengers of serving them hot coffee from a serving tray posed to passengers in the event CELEBRITY crew members did not exercise reasomnable care so that coffee spilled on the passengers.

18.     Notwithstanding Defendant's actual or constructive knowledge of the dangers and risks posed by their employees serving passengers hot coffee on a server tray, the Defendant failed to take reasonable reasomable safety measures to prevent the spilling cofeee on the Plaintiff and was thereby negligent.

The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent by one or more of the following:

Coats v. Celebrity

    a.  Failing to exercise reasonable care while serving coffee to prevent spills on passengers

    b.  Serving hot coffee via a single server tray and subjecting Plaintiff's to risks that the tray could tip or spill and or while the EGDE was moving and or at sea.

    c.  Failing to provide adequate lids and other safety tops or covers to prevent spillage of hot coffee and other hot beverages on passengers.

    d.  Failing to maintain the cofeee at a safe temerpature in event that a spillage occurs.

    e.  Failing to provide crewmember and employees with proper assistance or additional personnel in order to prevent spillage from occurring.

19.    As a direct and proximate result of one or more of the Defendant's negligent acts as described 18 above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## <u>COUNT II – NEGLIGENT FAILURE TO WARN</u>

20.    The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-13 above.

21.    At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, while serving or attempting to serve passengers including the Plaintiff beverages including hot coffee.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Coats v. Celebrity

22.     At all material times the Cosmpolitan Restaurant was in a high traffic area since the it is a common area where cruise ship passengers are expected to dine and where they are therefore foreseeably served hot beverages including coffee.

23     At all material times the Defendant knew or should have known of the need to exercise reasonable care while serving hot coffee to passengers including the Plaintiff and either knew or in the exercise of reasonable care should have known of the risks to passengers in the event the server was not reasonably careful while serving the passengers.

24.     Notwithstanding Defendant's actual or constructive knowledge of the dangers and risks posed by serving passengers hot coffee the Defendant failed to take reasonable safety measures adequately to warn  the Plaintiff so that she could protect herself from the dangers posed by the serving hot coffee and was thereby negligent.

25.     As a direct and proximate result of the Defendant's negligence as described above Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 13.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Coats v. Celebrity

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 17th day of November, 2020.

***s/NICHOLAS I. GERSON***
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Bar Number No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:     (305) 371-6000
Facsimile:      (305) 371-5749
*Attorneys for Plaintiff*

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com